**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:  14-CV- 2075 DSD/SER**

Katherine M. Grubb,

      Plaintiff,

v.

Trans Union LLC, and
Capital One Bank (USA), National Association
f/k/a HSBC Bank Nevada, N.A.,

      Defendants.

**AMENDED COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Katherine M. Grubb is a natural person who resides in the city of Rochester, County of Olmsted, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Capital One Bank (USA), National Association f/k/a HSBC Bank Nevada, N.A. ("HSBC") does business in Minnesota and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

4.   Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5.   Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x, jurisdiction of this Court arises under 28 U.S.C. § 1331.

6.   Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7.   Plaintiff is a victim of identity theft.

8.   A Credit One account that had been fraudulently opened with Plaintiff's personal identifiers, but without Plaintiff's knowledge or authorization, appeared on Plaintiff's credit reports.

9.   The appearance of the fraudulent Credit One account in Plaintiff's credit reports was inaccurate.

10.  An HSBC account that had been fraudulently opened with Plaintiff's personal identifiers, but without Plaintiff's knowledge or authorization, appeared on Plaintiff's credit reports.

11. The appearance of the fraudulent HSBC account in Plaintiff's credit reports was inaccurate.

12. On August 27, 2011, Plaintiff made an identity theft report to the Rochester, MN police department.

13. Plaintiff's police report alleged identity theft.

14. Under Minn. Stat. § 609.505, the filing of the police report would have subjected Plaintiff to criminal penalties relating to the filing of false information if, in fact, the information in his report had been false.

15. In a letter dated June 20, 2012, Plaintiff disputed the fraudulent Credit One and HSBC accounts to Trans Union.

16. In her letter to Trans Union, Plaintiff identified the fraudulent accounts and explained, "The information listed below, which appears on my credit report, does not relate to any transaction(s) that I have made. It is the result of identity theft."

17. With her letter to Trans Union, Plaintiff enclosed a copy of her identity theft report.

18. With her letter to Trans Union, provided appropriate proof of her identity.

19. Trans Union did not block the information Plaintiff had identified as resulting from identity theft.

20. Trans Union notified Credit One of Plaintiff's dispute.

21. Trans Union did not provide Credit One with the documentation Plaintiff had provided to Trans Union.

22. Trans Union notified HSBC of Plaintiff's dispute.

23. In the alternative, Trans Union failed to notify HSBC of Plaintiff's dispute.

24. Trans Union did not provide HSBC with the documentation Plaintiff had provided to Trans Union.

25. Plaintiff received investigation results from Trans Union dated July 31, 2012.

26. Trans Union's investigation results indicated that the Credit One and HSBC accounts would continue to appear in Plaintiff's credit reports.

27. From June 2012 to the present, Plaintiff disputed to various consumer reporting agencies the false reporting of numerous items of information resulting from identity theft, including without limitation the disputes specified herein.

28. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the Credit One and HSBC accounts were not appropriately deleted from Plaintiff's credit reports.

29. On or about August 30, 2013, Trans Union sold a credit report to Premier Bank, and Premier Bank denied Plaintiff's application for credit due at least in substantial part to the false Credit One and HSBC accounts on Plaintiff's Trans Union credit report.

30. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress.

31. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b), 1681i, and 1681c-2
### TRANS UNION

33. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

34. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681c-2 in multiple ways including without limitation by failing upon receiving appropriate documentation to block information identified by Plaintiff as resulting from identity theft.

35. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

36. Defendant Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

37. As a result of Trans Union's violations of §§ 1681e(b), 1681i, and 1681c-2, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

38. Trans Union's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

39. Plaintiff is entitled to recover costs and attorney's fees from Defendant Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)
### HSBC

40. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

41. Defendants HSBC willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to

appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

42. As a result of HSBC's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

43. HSBC's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

44. Plaintiff is entitled to recover costs and attorney's fees from Defendant HSBC pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

d.) Such other and further relief as may be just and proper.

Dated: 10/20/14

By: s/John H. Goolsby
John H. Goolsby, MN #0320201
Goolsby Law Office, LLC
475 Cleveland Avenue N., Suite 212
Saint Paul, MN 55104
Telephone: (651) 646-0153
jgoolsby@goolsbylawoffice.com

Brian Ellsworth, MN #390596
Ellsworth Law Firm
209 Waller Ave.
Greenwood, SC 29646
Phone: 864-757-4938
brian@bjellsworth.com

**Attorneys for Plaintiff**